**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BRANDI STANCU,<br><br>       Plaintiff,<br><br>v.<br><br>LAW OFFICE OF BRETT M. BORLAND,<br>P.C., AND NATIONAL CREDIT SYSTEMS,<br>INC., AND EXPERIAN INFORMATION<br>SOLUTIONS INC,<br><br>       Defendant(s). | Civil Action Number: 1:23-cv-1287<br><br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff BRANDI STANCU ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Complaint* against Defendants LAW OFFICE OF BRETT BORLAND P.C. ("Borland"), Defendant NATIONAL CREDIT SYSTEMS INC, ("NCS"), Defendant EXPERIAN INFORMATION SERVICES, INC referred to as ("Experian"), collectively referred to as the ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

<u>**PREMLIMINARY STATEMENT**</u>

1.    This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. §1692 *et seq* the Fair Debt Collection Practices Act "FDCPA".

<u>**JURISDICTION & VENUE**</u>

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq,* and §1692 *et seq.*

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, and Plaintiff resides here.

4.      Under Fed. R. Civ. P. 20(a), joinder is proper where: (i) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

5.       At all times relevant Plaintiff was a resident of Travis County, Texas.

6.       At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a(3).

### Law Office of Brett M. Borland, P.C.

7.      Defendant Law Office of Brett M. Borland ("Borland") is a Debt Collector as defined under 15 U.S.C. § 1692a(3), the *Fair Debt Collection Practices Act* ("FDCPA").

8.      Defendant Borland may be served with process through its registered agent C. T Corporation system, at 1999 Bryan St. Ste. 900, Dallas, TX 75201.

9.      As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to Equifax, Experian, and TransUnion.

### National Credit Systems, Inc.

10.     Defendant National Credit Systems, inc. ("NCS") is a Debt Collector as defined under 15 U.S.C. § 1692a(3), the *Fair Debt Collection Practices Act* ("FDCPA") . Defendant NCS is also a

"person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

11.    Defendant NCS may be served with process through its registered agent C. T. Corporation System at 1999 Bryan St. Ste. 900, Dallas, TX 75201

**Defendant Experian**

12.    Defendant Experian Information Solutions, Inc., ("Experian") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a Texas company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

13.    At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

14.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

15.    Prior to January 17, 2022, Plaintiff resided at MAA Quarry Oaks ("MAA").

16.    On January 17, 2022, a Judge signed an Emergency Protective Order for Family Violence for Plaintiff's benefit ("Protective Order"). See Exhibit A.

17.    Texas Property Code Section 92.0161c-4 provides victims of family violence the right to terminate a lease or vacate a dwelling and avoid further liability if they provide a copy or proof of a Protective Order.

18.    On January 17, 2022, Plaintiff provided MAA a copy of the Protective Order, informed MAA that she was moving out immediately, and moved out that same day.

19.    Unknown to Plaintiff, on April 13, 2022, MAA filed an eviction lawsuit against Plaintiff assigned Case No. J2-CV-22-001713.

20.    Unknown to Plaintiff, on May 5th, 2022, MAA was awarded a judgement against Plaintiff in the amount of approximately $1,073 for unpaid rent.

**Defendant Borland's Violations of the FDCPA**

21.    On April 28, 2023, prior to the judgement being awarded, Defendant Borland sent Plaintiff a collections letter demanding $4,750.51 from the Plaintiff on behalf of MAA. See Exhibit B.

22.    Defendant Borland continued to attempt to collect on this alleged debt, despite Plaintiff disputing that she was not responsible for the alleged debt and disputing the balance.

23.    Defendant Borland used false and deceptive means when they demanded payment on the alleged debt, despite being repeatedly informed by Plaintiff that she was allowed to terminate her lease without penalty.

24.    Defendant Borland attempted to collect an unauthorized amount when they attempted to collect $4,750.51 from the Plaintiff, because Plaintiff, in a timely manner, provided MAA with the Protective Order.

25.    Defendant Borland has also repeatedly unfairly attempted to collect an unauthorized amount and partook in debt collection activities against Plaintiff prior to a Judgement being issued in the eviction lawsuit filed by MAA and continued its collections activities after the judgement was awarded.

26.    Due to Defendant Borland's conduct, action, and inaction, the Plaintiff suffers from injury to her reputation, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

27.    For these reasons, Defendant Borland failed to comply with its obligations for conduct under the FDCPA.

**Defendant NCS's Violations of 1681s2b**

28.    In April 2023, Plaintiff obtained a copy of her credit reports and discovered that NCS had incorrectly reported a collections account with an inaccurate balance (the "Collections Account").

First Dispute

29.    In April 2023, Plaintiff submitted a dispute with Defendant Experian, providing information to show that Plaintiff had terminated her lease early due to the Protective Order.

30.    Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant NCS.

31.    Despite Defendant NCS receiving the dispute(s), ACDVs and accompanying documents from Experian, Defendant NCS conducted a superficial investigation and reported back to Defendant Experian that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

32.    Defendant NCS did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

33.    Defendant NCS negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

Second Dispute

34.    In June 2023, Plaintiff again submitted a dispute with Defendant Experian providing information showing the balance was incorrect.

35.    Defendant Experian again forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant NCS.

36.    Despite Defendant NCS receiving the dispute(s), ACDVs and accompanying documents from Experian, Defendant NCS conducted a superficial investigation and reported back to Defendant Experian that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

37.    Defendant NCS did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

38.    Defendant NCS negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

Third Dispute

39.    In August 2023, Plaintiff again submitted a dispute with Defendant Experian providing information showing that the balance on the Collections Account was inaccurate.

40.    Defendant Experian again forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant NCS.

41.    Despite Defendant NCS receiving the dispute(s), ACDVs and accompanying documents, Defendant NCS conducted a superficial investigation and reported back to the Credit Reporting

Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

42.    Defendant NCS did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

43.    Defendant NCS negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

44.    Defendant NCS did not correct or delete the inaccurate or erroneous information relating to the Collection's Account but continued to report false and erroneous information to Defendant Experian.

45.    As a result of the inaccurate information remaining on the Plaintiff's consumer reports relating to the Account, the Plaintiff was denied credit opportunities, and will continue to be harmed and injured by Defendant's erroneous and inaccurate reporting for up to 7 years.

46.    Due to Defendant NCS's negligent or willful failure to conduct a reasonable investigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

47.    For these reasons, Defendant NCS willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

**Defendant NCS's Violations of the FDCPA**

48.    Defendant NCS continued to attempt to collect on this alleged debt, despite repeatedly being told by the Plaintiff both directly, and via complaints from Experian, that the alleged balance reported on the Plaintiff's Experian consumer reports.

49.     Defendant NCS used false and deceptive means when NCS demanded that Plaintiff owed the alleged debt and had an alleged balance, despite being repeatedly informed that Plaintiff had a Protective Order.

50.     Defendant NCS attempted to collect on an unauthorized amount when they attempted to collect $4,750.51 from the Plaintiff since she had provided MAA with a Protective Order.

51.     Defendant NCS has also repeatedly unfairly attempted to collect a wrongful amount and hired Defendant LOB to partake in debt collection activities against Plaintiff prior to a Judgement being issued in the Eviction lawsuit filed by MAA.

52.     Defendant NCS continues to communicate erroneous credit information to consumer reporting agencies.

53.     Due to Defendant NCS's conduct, action, and inaction, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

54.     For these reasons, Defendant NCS failed to comply with its obligations for conduct under the FDCPA.

**Defendant Experian's violation of 1692i(a):**

55.     Defendant Experian reported the Account with an erroneous balance.

56.     The credit report falsely reported that the Account balance was approximately $4,750, which severely affected the Plaintiff's creditworthiness and reputation.

First Dispute

57.     In April 2023, Plaintiff disputed the Account with Defendant Experian detailing the inaccuracies and attaching supporting documents.

58.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant NCS or review the supplied documentation provided by the Plaintiff.

59.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

60.    Defendant Experian did nothing more than parrot information from Defendant NCS.

61.    In April 2023, Defendant Experian sent Plaintiff a cursory response stating the disputed debt was verified and would remain on her credit report.

62.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

Second Dispute

63.    In June 2023, Plaintiff disputed the Account with Defendant Experian detailing the inaccuracies and attaching supporting documents.

64.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant NCS or review the supplied documentation provided by the Plaintiff.

65.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

66.    Defendant Experian did nothing more than parrot information from Defendant NCS.

67.    In June 2023, Defendant Experian sent Plaintiff a cursory response stating the disputed debt was verified and would remain on her credit report.

68.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

Third Dispute

69.    In August 2023, Plaintiff disputed the Account with Defendant Experian detailing the inaccuracies and attaching supporting documents.

70.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant NCS or review the supplied documentation provided by the Plaintiff.

71.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

72.    Defendant Experian did nothing more than parrot information from Defendant NCS.

73.    In August 2023, Defendant Experian sent Plaintiff a cursory response stating the disputed debt was verified and would remain on her credit report.

74.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

75.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit and high balances as reason for the denial.

76.    To this date Defendant Experian continue to publish false and erroneous information relating to the Account on Plaintiff's Experian consumer reports.

77.    Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

78.    Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish

and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

79.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violations of 1681e(b)**

80.     Defendant Experian did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

81.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

82.     Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Account.

83.     Defendant Experian's failure to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

84.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits,

increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

85.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### (Willful Violation of 15 U.S.C. §1681s2-b as to Defendant NCS)

86.     Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

87.     This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

88.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

89.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

90.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

91.     Defendant NCS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

92.     A reasonable investigation would require a furnisher such as Defendant NCS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

93.     The conduct, action, and inaction of Defendant NCS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

94.     Due to the action and inaction of Defendant NCS, Plaintiff has suffered an injury to her credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct her credit report accounts have resulted in a waste of time and resources for the Plaintiff.

95.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant NCS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

<u>SECOND CAUSE OF ACTION</u>
**(Negligent Violation of 15 U.S.C. §1681s2-b as to Defendant NCS)**

96.     Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

97.     This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

98.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

99.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher

must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

100.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

101.    Defendant NCS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

102.    A reasonable investigation would require a furnisher such as Defendant NCS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

103.    The conduct, action and inaction of Defendant NCS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

104.    Due to the action and inaction of Defendant NCS, Plaintiff has suffered an injury to her credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct her credit report accounts have resulted in a waste of time and resources for the Plaintiff.

105.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant NCS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

**THIRD CAUSE OF ACTION**
**Willful Violation of 15 U.S.C. § 1681(e)(b) as to Defendant Experian**

106.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

107.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et

seq.

108.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

109.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

110.    Due to the action and inaction of Defendant Experian, Plaintiff has suffered an injury to her credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct her credit report accounts have resulted in a waste of time and resources for the Plaintiff.

111.    The conduct, action and inaction of Experian was willful rendering Experian  liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

112.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**FOURTH CAUSE OF ACTION**
**Negligent Violation of 15 U. S. C. § 1681(e)(b) as to**
**Defendant Experian**

113.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

114.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

115.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning Plaintiff.

116.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

117.    Due to the action and inaction of Defendant Experian, Plaintiff has suffered an injury to her credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct her credit report accounts have resulted in a waste of time and resources for the Plaintiff.

118.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

119.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**FIFTH CAUSE OF ACTION**
**Willful Violation of U.S.C 15 § 1681(i)(a) as to Defendant Experian**

120.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

121.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

122.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

123.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that the Plaintiff disputed the accuracy of

18

the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

124.    Due to the action and inaction of Defendant Experian, Plaintiff has suffered an injury to her credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct her credit report accounts have resulted in a waste of time and resources for the Plaintiff.

125.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

126.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### SIXTH CAUSE OF ACTION
**Violations of the FDCPA as to Defendant NCS**

127.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

128.    The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors including but not limited to:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

e(2)(A) The false representation of the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

129.   For the aforementioned reasons, NCS has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### Violations of the FDCPA as to Defendant Borland

130.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

131.    The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors including but not limited to:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

e(2)(A) The false representation of the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

132.    For the aforementioned reasons, Defendant Borland has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.    For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1681 against Defendants NCS and Experian;

2.    For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1692 against Defendants NCS and Borland;

3.    For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2) from Defendants NCS, and Experian;

4.    For reasonable attorneys fees and costs provided under 15 U.S.C 1692 against NCS and Borland;

5.    For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1640(a)(3) from all Defendants;

6.    For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED:  October 23, 2023                    Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**
*/s/ Shawn Jaffer*
**Shawn Jaffer**
Bar No.: 24107817
5757 Alpha Road Suite 580
Dallas, Texas 75240
T: (214) 945-0000
F: (888) 530-3910
E-mail: wdtx@jaffer.law
**Attorneys for Plaintiff**